IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| TYTO HERNANDEZ,<br><br>          Plaintiff,<br><br>vs.<br><br>USAA SAVINGS BANK,<br><br>          Defendant. | CASE NO. 2:17-cv-02170-FMO (Ex)<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER[1]<br><br>*Directed to Magistrate Judge Charles F. Eick per Judge Olguin's procedures* |

In conformance with the stipulation between Plaintiff Tyto Hernandez ("Plaintiff") and Defendant USAA Savings Bank ("USAA SB"), and good cause appearing, **IT IS HEREBY ORDERED** that, pursuant to Federal Rule of Civil Procedure 26(c), this Protective Order is hereby entered to protect the discovery and dissemination of confidential information or information that will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case.

1. **Statement of Good Cause:** a "'good cause' standard 'applies to private materials unearthed during discovery...'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026

---

[1] This stipulated protective order is modeled after the sample stipulated protective order found on the USDC Central District website.

(9th Cir. 2014) citing *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). Here, the parties have good cause to protect confidential documents in this litigation.

The parties anticipate that during the course of the litigation documents and/or information of a sensitive, private, and confidential nature may be produced in the course of discovery or otherwise disclosed. The parties wish to protect the confidentiality of such documents or information while ensuring that discovery may be pursued with minimum delay and expense. Specifically, USAA SB anticipates producing its internal policies and procedures which are developed internally and not public. USAA SB has spent considerable time and expense developing its internal policies, and has good cause to prevent its competitors from being able to freely access and replicate such documents at USAA SB's expense. Therefore, this Protective Order is necessary to protect the confidential nature of these internal policies and procedures, as well as any other documents or information that are sensitive, private, or confidential.

2. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

3. As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a), and shall include, without limitation all "documents and electronically stored information" as defined in Rule 34, all "writings," "recordings" and "photographs" as defined in Rule 1001 of the Federal Rules of Evidence, and any information stored in or through any computer system or other electronic or optical data storage device. A draft or non-identical copy is a separate document within the meaning of this term.

4. The designation of "CONFIDENTIAL" is intended to encompass materials and information that the designating party or nonparty in good faith believes comprise or

encompass confidential or proprietary information, or other commercially sensitive or personally sensitive information of a non-public nature, including, without limitation, trade secrets, financial data, contracts and agreements, current and future business plans, internal policies and procedures, and marketing documents. Information may be designated by counsel as "CONFIDENTIAL" only after a review of the information, and the designation must be based on a good faith belief that the information is confidential or otherwise entitled to protection under Federal Rule of Civil Procedure 26(c)(1)(G). CONFIDENTIAL information also includes information designated as "Confidential", "Confidential – Hernandez v. USAA", or "Confidential Subject to Court Order" or similarly designated in connection with any other lawsuit or proceeding including, but not limited to, the above captioned lawsuit. CONFIDENTIAL information provided under this Protective Order may be used only in connection with the prosecution or defense of this action and for no other purpose.

5. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by the attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent that such disclosure is necessary for preparation, trial, or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)     deponents, witnesses, or potential witnesses; and

(h)     other persons by written agreement of the parties.

6.     Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment in the form set forth in **EXHIBIT A** to this Protective Order. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7.     Documents are designated as CONFIDENTIAL by placing or affixing on them, in a manner that will not interfere with their legibility, the following or other appropriate notice: "CONFIDENTIAL."

8.     Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions of the deposition shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation should be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within 30 days after notice by the court reporter of the completion of the transcript.

9.     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within 10 business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine

whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. CONFIDENTIAL information may be filed with the Court under seal only in a manner consistent with the Electronic Case Filing Policies and Procedures Manual of the United States District Court for the Central District of California.

11. Nothing contained in this Protective Order shall affect the right of any party to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, subpoena, or question at a deposition or to seek further relief or protective order from the Court as permitted by the Federal Rules of Civil Procedure. Nothing in this Protective Order shall affect any right of any party to redact information or materials for privilege, relevancy or privacy reasons. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any party.

12. In the event that any information or material designated under this Protective Order is used, described, characterized, excerpted, or referenced in, or attached to, any court proceeding or submission in connection with this litigation: (i) it shall not lose its confidential status through such use; (ii) the parties shall take all steps reasonably required to protect its confidentiality during such proceedings; and (iii) the party shall seek leave of the Court to file such material under seal, except that upon the default of the filing party to so designate, any party may do so.

13. If a party inadvertently fails to designate information or materials when producing or otherwise disclosing such information or materials, it shall not be deemed a waiver in whole or in part of a party's claim of confidentiality. As soon as the receiving party is informed by the producing or designating party that it is designating previously produced information or materials as "CONFIDENTIAL," the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the information or materials that it distributed or disclosed to persons not authorized to access such information or materials, as well as any copies made by such persons.

14. All counsel for the parties who have access to information or material designated under this Protective Order acknowledge they are bound by this Protective Order and submit to the jurisdiction of this Court for purposes of enforcing this Protective Order.

15. Within 60 days after the conclusion of this case, unless other arrangements are agreed upon, each document and all copies that have been designated as CONFIDENTIAL, Confidential, "Confidential – Hernandez v. USAA," Confidential Subject to Court Order, or similarly designated shall be destroyed. The destroying party shall provide all parties with an affidavit confirming the destruction.

16. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

**IT IS SO ORDERED:**

Date: 6/1/18

Honorable Charles F. Eick
United States Magistrate Judge

The parties, through their undersigned counsel, agree to the entry of the foregoing Stipulated Protective Order.

**IT IS SO STIPULATED.**

DATED: May 18, 2018      **DANIELS, FINE, ISRAEL,**
                         **SCHONBUCH & LEBOVITS, LLP**

                         By: *s/ Maureen M. Michail*
                             Maureen M. Michail

                         **BENESCH, FRIEDLANDER**
                         **COPLAN & ARONOFF LLP**
                         DAVID M. KRUEGER, ESQ.
                         (Ohio Bar No. 0085072) (*Pro Hac Vice*)

                         *Attorneys for Defendant USAA Savings Bank*

DATED: May 18, 2018      **WESTGATE LAW**

                         By: *s/ Matthew A. Rosenthal (per e-mail approval)*
                             Matthew A. Rosenthal
                             *Attorney for Plaintiff, Tyto Hernandez*

**SIGNATURE CERTIFICATION**

Pursuant to Local Rule 5-4.3(a)(2)(i), I hereby certify that the content of this document is acceptable to all counsel of record listed above, and that I have obtained their authorizations to affix their electronic signatures to this document.

DATED: May 18, 2017      **DANIELS, FINE, ISRAEL,**
                         **SCHONBUCH & LEBOVITS, LLP**

                         By: *s/ Maureen M. Michail*
                             Maureen M. Michail

**EXHIBIT A**

# EXHIBIT A

## ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER

I, _____, have reviewed carefully the Stipulated Protective Order concerning the treatment of confidential or proprietary information, or other commercially sensitive or personally sensitive information of a non-public nature ("CONFIDENTIAL information") executed by the parties in the above-captioned case, and its significance has been explained to me by counsel. I agree to be bound by the terms of the Stipulated Protective Order, and to treat as confidential and not to disclose CONFIDENTIAL information to any person who is not authorized to receive that information under the Stipulated Protected Order. I hereby consent to the jurisdiction of that Court for the purposes of enforcing that Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
SIGNATURE

_____
PRINTED NAME

_____
ADDRESS

_____
TELEPHONE NUMBER

11216548 v1